FILED
CLERK
8/11/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

THIRD AVENUE COMMONS LLC,

*Plaintiff*,

-against-

GOBRANDS, INC., *doing business as* GOPUFF,

*Defendant*.

-----------------------------------------------------------------X

**ORDER**

25-cv-00934 (EK) (JMW)

**A P P E A R A N C E S:**

Mehrdad Kohanim
**Law Office of Mehrdad Kohanim**
100 Quentin Roosevelt Blvd, Suite 106
Garden City, NY 11530
*Attorney for Plaintiff*

Michael Timothy Carr
**Akerman LLP**
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

Plaintiff Third Avenue Commons LLC ("Plaintiff") commenced this action seeking to collect unpaid rent, operating expenses, insurance expenses, and utility charges from Defendant GoBrands Inc. ("Defendant") in the amount of $356,191.51 based on Defendant's purported breach of a written lease agreement ("Agreement") entered into between the parties on October 12, 2021, governing the building located at 2202 Third Avenue, New York, NY 10035 ("Premises"). (ECF No. 1-2 at ¶¶ 5, 13-17, 19.)

The parties are before the Court on Defendant's letter motion *in limine* to preclude the use of non-party subpoenas. (ECF No. 44.) Specifically, Defendant moves "to preclude the introduction of any evidence obtained in connection with the untimely and unenforceable nonparty subpoenas, both dated March 18, 2026, served by Plaintiff . . . on Newmark Retail LLC ('Newmark') and Consolidated Edison of New York Inc. ('ConEd')." (*Id.* at 1.) The basis for Defendant's motion is that the subpoenas were served one day before the end of fact discovery, making it impossible for Newmark and ConEd to respond in time. (*Id.*)

Although Defendant's motion is styled as a motion to preclude evidence, "[c]ounsel for both ConEd and Newmark have generally taken the position that they are aware of GoBrands' intent to make this motion and will hold off on complying with the Subpoenas until this Court has ruled on this application." (ECF No. 45 at 4.) Because no documents or information have been produced, there is nothing to preclude. The relief Defendant actually seeks—as stated explicitly in its letter—is for the Court to quash the subpoenas. (*See* ECF No. 44 at 2.)

Defendant does not explain why it styled a motion to quash as a motion to preclude. Presumably it was because Defendant does not have standing to file a motion to quash—as Defendant acknowledges. (*Id.* n.7 (citing *Revander v. Denman*, No. 00 CIV. 1810 (RJH), 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004).)

Nevertheless, "[t]he Court need not wait for a motion to quash a non-party subpoena and has the authority to act *sua sponte*." *New Falls Corp. v. Soni*, No. 16CV06805HGLGD, 2022 WL 17811448, at *3 (E.D.N.Y. Dec. 19, 2022) (citing *Sheindlin v. Brady*, No. 21-CV-1124, 2021 WL 2075483 at *3 n.3 (S.D.N.Y. May 24, 2021)). It is against this backdrop that the Court considers the instant application. For the reasons that follow, the Court quashes (1) Plaintiff's subpoena to produce documents, information, or objects or to permit inspection of premises in a

civil action on Consolidated Edison of New York, Inc. served on March 19, 2026, and (2) Plaintiff's subpoena to produce documents, information or objects to permit inspection of premises in a civil action on Newmark Retail LLC d/b/a Newmark Retail served on March 19, 2026. (ECF No. 44-1.)

## I. LEGAL STANDARD

Rule 45 provides that the court "must quash or modify a subpoena" which, *inter alia*, "fails to allow a reasonable time to comply[.]" Fed. R. Civ. P. 45(d)(3)(A). Although the Rule contemplates only a "motion" to quash, *see id.*, courts have held that, at least in certain circumstances, courts have "authority to *sua sponte* quash [a] subpoena." *Domni v. Cnty. of Nassau*, No. 19CV00083JMAAKT, 2021 WL 9638656, at *2 (E.D.N.Y. June 17, 2021) (citing *Sheindlin*, 2021 WL 2075483 at *3 n.3)). Specifically, Rule 26 provides that "[o]n motion *or on its own*, the court must limit the frequency or extent of discovery otherwise allowed by these rules" if the discovery sought is unreasonably cumulative, outside the permissible scope, or—relevant here—the party seeking it has had ample opportunity to obtain it. Fed. R. Civ. P. 26(b)(2)(C) (emphasis added). "[A] court *must* limit discovery *sua sponte* if the court determines that the discovery meets any of the Rule 26(b)(2)(C) criteria." *Kiobel v. Royal Dutch Petroleum Co.*, No. 02 CIV 7618 KMW HBP, 2009 WL 1810104, at *5 (S.D.N.Y. June 25, 2009) (emphasis in original).

## II. DISCUSSION

The Court initially ordered fact discovery to be completed by November 14, 2025. (Electronic Order dated June 24, 2025.) The Court then extended fact discovery to and including December 15, 2025 (Electronic Order dated October 21, 2025) following a request from Defendant, with the consent of Plaintiff's counsel, to adjourn the parties' deadline to complete all

fact discovery in light of the need for Plaintiff's client to have surgery. (ECF No. 17 at 1.) At a status conference, all fact discovery was scheduled to be completed by December 31, 2025. (Electronic Order dated November 7, 2025.)

On January 16, 2026, Plaintiff moved to reopen discovery for the limited purposes of (1) obtaining certain specified documents from Defendant and (2) subpoenaing non-parties about Defendant's utility accounts. (ECF No. 29 at 2.) The Court granted the motion, extending the deadline for fact discovery to and including March 20, 2026. (ECF No. 37.) The Court warned that "[t]here will be no further extensions of the fact discovery deadline." (Electric Order dated February 11, 2026.)

"[C]ase law and statutory law require[e] that discovery demands be served in advance of the fact discovery deadline so as to provide the opposing party with sufficient time to respond to those demands prior to the expiration of that deadline." *Kashi v. STMicroelectronics, Inc.*, No. CV143774JMAAKT, 2018 WL 11491768, at *4 (E.D.N.Y. Mar. 30, 2018) (collecting cases). "Failure to serve discovery requests within the time prescribed for responses is sufficient to deny those requests as untimely." *Siemens Indus., Inc. v. Great Midwest Ins. Co.*, No. 1:23-CV-05046 (JHR) (SDA), 2024 WL 3305602, at *3 n.5 (S.D.N.Y. June 4, 2024); *see also, e.g.*, *Cao v. Flushing Paris Wedding Ctr. LLC*, No. 20CV2336RPKRLM, 2021 WL 12229765, at *1 (E.D.N.Y. Nov. 15, 2021) ("[S]ince the referenced discovery demands were not served at least 30 days before the close of discovery, they were untimely."); *Bhatt v. Lalit Patel Physician P.C.*, No. 18-CV-2063-DLI-SJB, 2023 WL 2895935, at *1 (E.D.N.Y. Apr. 11, 2023) ("Because [a third-party document request] could only have been responded to after the discovery cut-off, it was *per se* late, and unenforceable.").

Plaintiff's attorney served the subpoenas on March 19, 2026—one day before the deadline. (ECF No. 45 at 1.) As a result of this dilatory service, the non-parties were provided with a single day to comply with the order to produce the requested documents and things with Plaintiff's demands including a lengthy list of seven items for ConEd and fourteen items for Newmark. (ECF No. 44-1.) Plaintiff's untimely service renders the subpoenas unenforceable as it denied the non-parties of sufficient time to respond to Plaintiff's demands before the close of fact discovery.

The delay is inexplicable. On February 11, 2026, the Court granted Plaintiff's request to reopen discovery, setting the end date to March 20, 2026, so that Plaintiff could obtain certain additional documents from Defendant and serve the non-party subpoenas. Plaintiff then waited *five weeks* before finally serving the subpoenas the day before the deadline. Where, as here, "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[,]" the Court must issue a protective order limiting the discovery. Fed. R. Civ. P. 26(b)(2)(C)(ii); *see also, e.g.*, *Torres v. Trs. of St. Patrick's Cathedral*, No. 25 CIV. 1191 (PAE), 2026 WL 90017, at *1 (S.D.N.Y. Jan. 13, 2026) (finding requests "clearly untimely" where they were served on the 44th day of a 45-day extension).

Finally, the Court notes that quashing the third-party subpoenas will not seriously prejudice Plaintiff. This is a contract dispute in which a landlord (Plaintiff) seeks recovery for unpaid rent, and in response the tenant (Defendant) counterclaims for alleged breach of the covenant of good faith for, in essence, Plaintiff's failure to mitigate. (*See generally* ECF Nos. 1-3; 40.) In its motion to reopen discovery back in January, Plaintiff requested multiple categories of documents from Defendant, to wit: documents about an alleged assignment of the lease; an alleged "rent ledger"; repair and maintenance records; and, finally, documents relating to gas and

electricity service. (ECF No. 29.) Almost as an afterthought, Plaintiff added that it should be allowed to subpoena utility companies, apparently in connection with its inquiry into gas and electricity service. (*Id.*) The Court granted the extension, noting that the sublease agreement is "*critical* to this lawsuit which is for unpaid rents[,]" and that repair records and service contracts are "also relevant" to the calculation of damages. (ECF No. 37 (emphasis added).) In seeking to enforce its eleventh-hour subpoenas, Plaintiff concedes that Defendant "did produce the sublease brokerage agreement . . . along with multiple reports and communications that mention the Premises[,]" but complains that Defendant provided only three electric bills.[1] (ECF No. 45 at 2–3.) Plaintiff's case does not rise or fall on electric bills. Plaintiff obtained the crux of its request, namely, the sublease agreement.

In sum, Plaintiff asked to reopen discovery. The Court granted that extension with a warning that it was final. Plaintiff took the opportunity to obtain discovery from Defendant but squandered the opportunity to obtain discovery from third parties. That was Plaintiff's choice, and the procedural course it charted.

## III. CONCLUSION

For the foregoing reasons, the Court *sua sponte* quashes (1) Plaintiff's subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action on Consolidated Edison of New York, Inc. served on March 19, 2026, and (2) Plaintiff's subpoena to produce documents, information or objects to permit inspection of premises in a

[1] To the extent Plaintiff insinuates that the third-party subpoenas were made necessary only because of Defendant's anemic production, the chronology is wrong. By Plaintiff's own account, Defendant produced the three electric bills on March 19, 2026. (ECF No. 45 at ) The subpoenas are dated March 18, 2026 (ECF No. 44-1), and Plaintiff's counsel states that he served them the morning of March 19, 2026. That means these subpoenas were not a reaction to Defendant's production. Plaintiff meant to serve them anyway—as stated in its request to reopen production—but, for whatever reason, neglected to do so until the last second.

civil action on Newmark Retail LLC d/b/a Newmark Retail served on March 19, 2026. (ECF No. 44-1.)

Dated: Central Islip, New York
August 11, 2026

**S O O R D E R E D:**

/S/ James M. Wicks
JAMES M. WICKS
United States Magistrate Judge